UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WOOLLY THREADS, LLC**                                                  **CIVIL ACTION**

**VERSUS**                                                                           **NO. 19-626-SDD-SDJ**

**GLASS-U, LLC, NEU
RETAIL, LLC, AND
DANIEL FINE**

## ORDER

Before the Court is Plaintiff's unopposed Motion for Leave (R. Doc. 57) to retroactively seal any copy of its Second Amended Complaint founds in the Court's record (R. Doc. 48-2); (R. Doc. 52). Relevant here, the Second Amended Complaint (R. Doc. 52) alleges that Defendants breached the Settlement Agreement (R. Doc. 55) previously reached by the parties to this litigation, and necessarily discloses certain terms of the Agreement. According to Plaintiff, the Settlement Agreement (R. Doc. 55) at issue contains a confidentiality provision. (R. Doc. 57 at 2). For that reason, Plaintiff now "seeks leave to have the Second Amended Complaint placed under seal in order to comply with the confidentiality provision in the Settlement Agreement." (R. Doc. 57 at 2). Having reviewed the record and the applicable law, however, Plaintiff's Motion for Leave (R. Doc. 57) to retroactively seal its Second Amended Complaint must be **DENIED**.

The Second Amended Complaint (R. Doc. 48-2) was first filed in the record on February 7, 2022, when Plaintiff sought leave to file the amendment (R. Doc. 48). It disclosed the amount of the settlement reached between the parties and the penalties owed, should Defendants violate the Agreement. (R. Doc. 48-2 at 5). On March 17, 2022, the Court issued an Order reopening the

case and granting leave for Plaintiff to file its Second Amended Complaint. (R. Doc. 51). As part of its analysis, the Court referenced both the amount of the settlement and the penalties (R. Doc. 51 at 2)—information already found in the record (R. Doc. 48-2 at 5). On that same day, the Second Amended Complaint was entered into the record by the Clerk of Court. (R. Doc. 52). And so, the record contains 3 public documents disclosing the amount of the parties' settlement and the amount of potential penalties. (R. Doc. 48-2); (R. Doc. 51); (R. Doc. 52).

"On the present record, 'the cat is out of the bag.' . . . Once announced to the world, the information lost its secret characteristic . . . ." *In re Charlotte Observer (A Div. of Knight Pub. Co. & Herald Pub. Co.)*, 921 F.2d 47, 50 (4th Cir. 1990); *Dennis v. Kernan*, 2022 WL 686526, at *4 (E.D. Cal. Mar. 8, 2022) ("To the extent plaintiff himself has already publicly filed the documents, any right to privacy in those records, which is the basis for defendants' motions, has been waived.").

The Second Amended Complaint has now sat unsealed on the Court's docket since February 7, 2022. And in its Motion, Plaintiff has not alleged that the public availability of that document over the last few months has "caused it any harm." *Caudill Seed & Warehouse Co., Inc. v. Jarrow Formulas, Inc.*, 2017 WL 3220470, at *6 (W.D. Ky. July 28, 2017) (denying leave to retroactively seal a document that was "inadvertently" filed unsealed, considering it was already publicly available and the movant had not alleged any harm caused by its availability); *see also Rudd Equipment Company, Inc. v. John Deere Construction & Forestry Company*, 834 F.3d 589, 596 (5th Cir. 2016) ("The complaint then sat unsealed on the district court's docket for two weeks before the seal was entered, and Rudd has not alleged it suffered any harm during this period.").

Therefore, because the document is already publicly available and no harm has been alleged, the Court must **DENY** Plaintiff's Motion for Leave (R. Doc 57) to retroactively seal its Second Amended Complaint.

Signed in Baton Rouge, Louisiana, on May 31, 2022.

*Scott Johnson*

———————————————————
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**